MARK W. YOCCA, State Bar No. 137189
Email: myocca@yocca.com
PAUL KIM, State Bar No. 157608
Email: pkim@yocca.com
JARED GLICKSMAN, State Bar No. 247124
Email: jglicksman@yocca.com
THE YOCCA LAW FIRM LLP
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:  (949) 253-0800
Facsimile:   (949) 253-0870

*Attorneys for Petitioner*
Microchip Technology Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICROCHIP TECHNOLOGY INC., a corporation;<br><br>Petitioner,<br><br>vs.<br><br>CORTUS S.A.S., a corporation,<br><br>Respondent. | CASE NO.:<br><br>**PETITION TO CONFIRM ARBITRATION AWARD DATED OCTOBER 12, 2021 PURSUANT TO SECTION 9 OF THE FEDERAL ARBITRATION ACT** |

Pursuant to Section 9 of the Federal Arbitration Act ("FAA"), Petitioner Microchip Technology Inc. ("Petitioner" or "Microchip") files this Petition to Confirm the Arbitration Award issued against Respondent Cortus S.A.S. ("Respondent" or "Cortus"). The subject Arbitration Award was issued on October 12, 2021 and delivered to the parties on October 14, 2021 (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit "A" and incorporated herein by reference. In support of this Petition, Microchip states as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 in that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00.

2. Petitioner Microchip is a Delaware corporation having its principal place of business at 2355 West Chandler Blvd., Chandler, Arizona 85224-6199, USA.

3. Respondent Cortus is a French corporation having its principal place of business at 491 rue Charles Nungesser, 34130 Mauguio, France.

4. Complete diversity exists between Petitioner and Respondent.

5. The amount in controversy exceeds $75,000.00. In addition to the valuable declaratory relief awarded to Petitioner, the Award also included monetary relief in favor of Petitioner and against Respondent in the amount of $304,077.14.

6. This Court is the proper venue for this Petition pursuant to 9 U.S.C. § 9. Section 9 provides that if an arbitral agreement provides judgment to be entered by a particular court, a petition for judicial confirmation may be filed in that court. "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Here, the arbitration was held and the Award issued in Los Angeles, California, rendering this Court the proper venue for this action.

# GENERAL FACTUAL ALLEGATIONS

**The Arbitration Agreement**

7. Petitioner Microchip is a leading provider of semiconductor solutions for aerospace, defense and security, enterprise, commercial, industrial, and alternative energy markets.

8. Cortus is a French corporation in the business of creating and licensing proprietary and copyrighted microprocessor designs to application-specific integrated circuit ("ASIC") developers. Cortus does not make or sell any physical products, but licenses its intellectual property, including its microprocessor design source code.

9. On or about July 8, 2019, Microchip, Microchip's subsidiary Microsemi Corp - Analog Mixed Signal Group ("Microsemi"), and Cortus entered into a License, Settlement and Release Agreement, which, among other things, incorporated by reference the terms of a certain Software License Agreement dated August 2014 ("Release Agreement"). The Software License Agreement dated August 2014 is attached as an exhibit to the Release Agreement. Attached hereto as Exhibit "B" is a true and correct copy of the Release Agreement.[1]

10. Pursuant to the Release Agreement, Microchip and Cortus confirmed their agreement that: "All disputes arising in connection with the present contract shall be finally settled under the rules of conciliation and arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the rules."

11. The Release Agreement further provides that any and all future disputes between the parties arising out of or related to the Release Agreement or the SLA would be presented to Arbitrator Barbara Reeves, if she was reasonably available and willing to serve.

---

[1] Pursuant to Respondent Cortus' request, certain passages in the Release Agreement, which are not material to this Petition, have been redacted. Once this Petition is assigned a case number, Microchip will submit an application/motion to file the unredacted version of the Release Agreement under seal.

### I. Arbitration

In the event of any future dispute arising from or related to this Settlement Agreement or the 2014 SLA, the Parties agree to select Ms. Reeves as arbitrator as long as she is reasonably available and willing to serve in such capacity.

(Release Agreement, § I, attached hereto as Exhibit "B.")

12. The Arbitration Rules of the International Chamber of Commerce ("ICC") further provide that any Award will be binding, and that the parties waive their right to any appeal to the fullest extent permitted by law.

**The NMI License Disputes**

13. Approximately eight years before Petitioner and Respondent entered into the Release Agreement, on or about May 10, 2011, Respondent Cortus entered into a Software License Agreement with Newport Media, Inc. ("NMI License"). The NMI License was a fully paid perpetual license, not requiring ongoing license or royalty payments.

14. On April 4, 2016, Microchip acquired Atmel Corporation, including its then subsidiary Newport Media, Inc. ("NMI"). Commencing in 2014 through 2017, years before the Release Agreement, Cortus asserted claims and demands against Atmel and thereafter Microchip based on alleged wrongdoing committed by Atmel and Microchip. Specifically, Cortus claimed, among other things: (1) the NMI License was neither assignable nor transferable; (2) Atmel and Microchip's manufacture and sale of certain devices was unlicensed and constituted infringement; (3) modifications to the flash memory, die size and components on certain devices were outside the scope of the NMI License and constituted infringement; and, (4) Microchip was required to purchase new licenses for its devices and pay both retroactive and future royalties and license fees.

15. Atmel and thereafter Microchip repeatedly denied and rejected Cortus' claims. In early 2017, after Microchip denied Cortus' claims in writing, Cortus ceased any further communications regarding the claims and, from all outward appearances, did

not intend to further pursue the claims.

**The Release Agreement**

16. In May 2018, Microchip acquired Microsemi. At that time, Cortus and Microsemi were engaged in an arbitration under the ICC Rules, which was pending before Arbitrator Barbara Reeves ("Prior Arbitration"). The parties stipulated that the venue for the Prior Arbitration would be Los Angeles, California.

17. Microchip and Microsemi, on the one hand, and Cortus, on the other hand, engaged in long, drawn out settlement discussions that spanned many months. Microchip was a direct participant in some of the discussions, negotiating directly with Cortus' Chief Executive Officer ("CEO").

18. The parties, including Microsemi's parent Microchip, eventually reached a settlement in the Prior Arbitration. Throughout the negotiations Microsemi and Microchip made clear that they required a broad, complete, world-wide general release of, among other things, any and all causes of action, claims, and demands, both known and unknown.

19. Microchip's lawyers in the Prior Arbitration had no knowledge of the prior disputes concerning the NMI License or Cortus' prior claims and/or demands based thereon. Cortus and its CEO, however, were well aware of the previous claims made regarding the NMI License, but remained silent throughout negotiations regarding any intent to preserve such claims, despite Microchip's repeated communications that the Release Agreement was intended to extinguish all claims of whatever kind or nature, known or unknown.

20. Microsemi, Microchip and Cortus freely and consensually entered into the Release Agreement. The Release Agreement contains broad mutual releases, as follows:

> D. Mutual Releases
> 1. Except as expressly promised, granted or reserved herein and the Parties' respective future rights and obligations under the 2014 SLA and licenses previously

granted, the Parties, for themselves and each of their respective past and present affiliated, related, direct or indirect parent and subsidiary companies, joint venturers, partnerships, directors, officers, members, partners, managers, shareholders, employees, insurers, agents, representatives, predecessors, successors, and assigns, irrevocably and unconditionally release and forever discharge each other, including each other's past and present affiliated, related, parent and subsidiary companies, joint venturers, partnerships, directors, officers, members, partners, managers, shareholders, employees, insurers, agents, representatives, predecessors, successors, and assigns ("Released Parties"), from any and all causes of action, contracts, claims, actions, rights, judgments, obligations, damages, demands, accountings or liabilities of whatever kind or character, known or unknown, which each Party has or may have against any other Released Parties, occurring prior to the Effective Date of this Settlement Agreement, including, but not limited to, all claims and counter-claims that are or could have been alleged in, arise out of, or relate to the Pending Arbitration and/or Cortus' audit (the "Released Claims").

      2.     The Parties acknowledge that they have been advised by their attorneys concerning, and are familiar with, California Civil Code Section 1542 and expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to the provisions of the California Civil Code Section 1542, including that provision itself, which reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties acknowledge that (a) they may have sustained damage, loss, cost or expense that are presently unknown and unsuspected, and that such damage, loss, cost or expense as may have been sustained may give rise to additional damage,

> loss, cost or expense in the future; (b) this Settlement Agreement has been negotiated and agreed upon in light of this situation, and the releases hereunder are intended to include a release of presently unknown and unsuspected claims; and (c) they expressly waive any and all rights which they may have under Section 1542 of the California Civil Code or any state or federal statute or common law principle to the contrary.

(Release Agreement, § D, attached hereto as Exhibit "B.")

21. The parties stipulated to their mutual intent as follows in the Recitals of the Settlement Agreement:

> [T]he Parties now wish to fully resolve and settle any and all actual or possible disputes, known or unknown, between them and their respective agents, shareholders, officers, directors, parents and affiliates, without any admission of guilt or wrongdoing, on the terms set forth below.

(Release Agreement, RECITALS, attached hereto as Exhibit "B.")

**Cortus Files Action Despite Release Agreement**

22. Shortly after the consummation of the Release Agreement between Petitioner Microchip and Respondent Cortus, on or about October 20, 2020, Cortus breached the Release Agreement by filing an action against Microchip in the United States District Court for the District of Delaware, entitled *Cortus S.A.S. v. Microchip Technology Incorporated, et al.*, C.A. No. 20-1406-RGA (hereinafter "Delaware Action"). Cortus bases its Delaware Action on the same claims that it previously made against Atmel and then Microchip from 2014 through 2017. Cortus' claims in the Delaware Action constitute "Released Claims" as defined in the Release Agreement. Cortus alleged in the Delaware Action that the amount in controversy therein exceeded $75,000.00. A true and correct copy of Cortus' complaint in the Delaware Action is attached hereto as Exhibit "C."

23. Following Cortus' breach of the Release Agreement, on November 23, 2020, Microchip initiated arbitration proceedings with the ICC by filing its Request for Arbitration against Cortus, ICC Ref. No. 25827/PDP ("Arbitration"). The location of the Arbitration was Los Angeles, California. Microchip and Cortus stipulated to a stay of the Delaware Action pending the resolution of the Arbitration. The Court in the Delaware Action entered an order staying the Declaration Action.

24. On March 3, 2021, the ICC in accordance with the parties' agreement as set forth in the Release Agreement, appointed Barbara Reeves to preside as the sole Arbitrator. A true and correct copy of the ICC's March 3, 2021 correspondence confirming the appointment of Barbara Reeves as the sole Arbitrator is attached hereto as Exhibit "D."

25. The Arbitration proceeded and a hearing was conducted on August 17, 2021, at the conclusion of which the parties submitted their respective cases. Microchip was represented by The Yocca Law Firm LLP, and Cortus was represented by Shearman & Sterling LLP.

26. On September 15, 2021, the ICC notified the Arbitrator and the parties that it had extended the time limit for rendering the final award to October 29, 2021. A true and correct copy of the ICC's September 15, 2021 correspondence confirming the extension is attached hereto as Exhibit "E."

## THE AWARD

27. On October 14, 2021, the ICC issued the Arbitrator's Final Award dated October 12, 2021 and awarded as follows: (1) the parties' Settlement Agreement bars the Delaware Action in its entirety, specifically including Cortus' claims that Microchip's devices sold under Part Nos. ATWILC1000, ATWILC1000A, ATWINC1500, ATWINC1500A, ATWIN1510B, ATWILC3000, and ATWINC3400 infringe Cortus' Intellectual Property Rights; (2) Cortus is ordered to pay Microchip $20,000.00 in respect to the ICC costs; and, (3) Cortus is ordered to pay Microchip $284,077.14 for its legal

fees and costs.

28. On or about December 31, 2021, Respondent Cortus paid Petitioner Microchip $304,077.14.

29. Respondent Cortus never moved to vacate, modify, or correct the Award within the three months' time period afforded to it after issuance and delivery of the Award, as 9 U.S.C. § 12 permits.

30. Having failed to make such motion, Respondent waived any right to contest the Award or oppose the confirmation of the Award. *See* 9 U.S.C. § 12.

31. Petitioner Microchip hereby timely moves to confirm the Award by filing and serving this Petition within one year after the Award was issued and delivered, as required by 9 U.S.C. § 9.

32. Therefore, pursuant to the Release Agreement and 9 U.S.C. § 9, Petitioner Microchip is entitled to a final judgment confirming the Arbitrator's Award.

**WHEREFORE**, Petitioner Microchip Technology Inc. respectfully requests that this Court:

A. Grant this Petition;

B. Confirm the Award of the Arbitrator dated October 12, 2021 in its entirety;

C. Enter Final Judgment as set forth in the Award in favor of Petitioner Microchip Technology Inc. and against Respondent Cortus S.A.S.; and,

D. Award Petitioner Microchip Technology Inc. such other and further relief as the Court may deem just and proper.

DATE: February 16, 2022

Respectfully Submitted,
THE YOCCA LAW FIRM LLP

/s/ Mark W. Yocca                    .
MARK W. YOCCA
PAUL KIM
Attorneys for Petitioner
Microchip Technology Inc.